```
           IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**CEDRIC MACK,**

              **Plaintiff,**

      **v.**                             **CASE NO.  12-3090-SAC**

**UNITED STATES OF AMERICA,**
**doing business as United**
**States Marshal Service, et al.,**

              **Defendants.**

## MEMORANDUM AND ORDER

This civil complaint was filed pro se by an inmate of the United States Penitentiary, Leavenworth, Kansas.  Plaintiff seeks money damages based upon claims that he was physically, mentally, and emotionally injured during prisoner transport.  He is given time to satisfy the filing fee and to cure the deficiencies in his pleading found upon screening.

## FILING FEE

The statutory fee for filing a civil rights complaint is $350.00.  Plaintiff has neither paid the fee nor submitted an Application to Proceed Without Prepayment of Fees.  In order for this action to proceed, he must satisfy the filing fee in one of these two ways.  Plaintiff is forewarned that under 28 U.S.C. § 1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve a plaintiff of the obligation to pay the full amount of the filing fee.  Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate

trust fund account as authorized by 28 U.S.C. §1915(b)(2).[1]  Motions to proceed without prepayment of fees must be submitted upon court-approved forms.  Furthermore, § 1915 requires that the prisoner submit with his motion a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).  Plaintiff is given time to satisfy the filing fee prerequisites.  If he fails to do so within the time allotted, this action may be dismissed without further notice.

In addition, § 1915(b)(1), requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of the filing of a civil action.  The court will determine the partial fee assessment after it receives plaintiff's financial information.

**COMPLAINT NOT ON FORMS**

Local court rules require that a civil complaint be submitted upon court-approved forms.  D.Kan. Rule 9.1(a).  Mr. Mack will be given time to submit his complaint upon forms provided by the court that will be sent to him with a copy of this order.

---

[1] Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is currently confined will be authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

**FACTUAL BACKGROUND AND CLAIMS**

As the factual background for this complaint, plaintiff alleges as follows.  In June, 2010, he was a federal prisoner being "held and transported by Corrections Corporation of America" (CCA) at their detention center in Leavenworth, Kansas.  While he was handcuffed, waist-chained, and shackled, he was placed in a rear seat in a CCA van, without being properly secured in a seat belt.  The breaking action of defendant "unknown driver of van number 2" who was a CCA employee caused him to be "hurled forward into immovable obstacles."  He sustained severe head, neck, and back injuries as a result, and suffered unnecessary pain, mental anguish, emotional distress, fear, and humiliation.  Then, an unknown CCA medical employee failed to x-ray or properly treat plaintiff for his injury.  He was forced to suffer pain and anxiety.  The USMS failed to require that federal prisoners be transported in seat belts to prevent injury and failed to "have protocol in place" for taking prisoners who sustained injury to the hospital emergency room for full diagnosis and treatment.

Plaintiff claims deliberate indifference, failure to perform duties, intentional and reckless negligence, and "misconduct of contract employees."  He asserts that his right to be free of cruel and unusual punishment was violated by the acts of defendants "in their official and individual capacity."  He seeks money damages.

**SCREENING**

Because Mr. Mack is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any

portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.   28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nevertheless, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level," and there must be "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  The court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Twombly*, 550 U.S. at 558.  The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Id.* at 555.  Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

**FAILURE TO STATE CLAIM**

4

Mr. Mack names as defendants the "United States of America doing business as United States Marshal Service" (USMS); the Corrections Corporation of America (CCA); Unknown Driver of Van Number 2; and Unknown Medical Personnel.  He alleges that the unknown defendants were CCA employees.  He asserts jurisdiction under 28 U.S.C. §§ 1331 and 1343 based on his allegations of deprivation of constitutional rights.  He also asserts jurisdiction under 28 U.S.C. § 1367(a), claiming that this court has pendent jurisdiction over his state law claims.

This court has jurisdiction under 28 U.S.C. § 1331 over all civil actions "arising under the Constitution or laws of the United States."  However, plaintiff must also state a claim for relief or a "cause of action" in federal court.  *See Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1230-31 (10th Cir. 2005)("To bring suit, a plaintiff must also state a claim upon which relief may be granted, what used to be called stating a cause of action.")(citing *e.g.*, *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 398 (1979)(distinguishing "the cause-of-action argument," which is directed at "the existence of a remedy," from jurisdictional questions).  The court finds that plaintiff fails to state a cause of action against all the defendants.

### 1.  Defendants United States and USMS

The United States is immune to suit for money damages except where there is a specific statutory provision waiving sovereign immunity. A lawsuit against an agency of the United States like the USMS is, in essence, one against the United States and faces the

5

same obstacle of sovereign immunity.[2]  The United States has not waived sovereign immunity in Bivens actions.  *FDIC v. Meyer*, 510 U.S. 471, 483-86 (1994); *Dahn v. United States*, 127 F.3d 1249, 1254 (10th Cir. 1997)(The United States and its agencies have not waived sovereign immunity for Bivens-type claims.); *Laury v. Greenfield*, 87 F.Supp.2d 1210, 1213 (D.Kan. 2000).  The same is true for actions brought under 42 U.S.C. § 1983, 28 U.S.C. § 1343.[3]  It follows that plaintiff fails to state a claim under the cited provisions against either the United States or the USMS.

Congress has provided a cause of action against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), § 2671 et seq., for injury caused by the negligent or wrongful act or omission of any employee of a federal agency acting in his or her official capacity.  28 U.S.C. § 2672; *United States v. Orleans*, 425 U.S. 807, 813 (1976)("The Federal Tort Claims Act is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment.");  see 28 U.S.C. § 1346(b).[4]  However, plaintiff does not assert a

---

[2] Allegations of constitutional violations by federal prison employees acting in their individual capacity may be brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  In *Bivens* the United States Supreme Court held that plaintiffs may sue federal officials in their individual capacities for damages for Fourth Amendment violations, even in the absence of an express statutory cause of action analogous to 42 U.S.C. § 1983. *Id.* at 395-97; *see Carlson v. Green*, 446 U.S. 14, 18 (1980)(recognizing a parallel cause of action for Eighth Amendment violations).

[3] In any event, to "state a claim under § 1983, a plaintiff must "show that the alleged (constitutional) deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  No facts alleged by plaintiff indicate that any defendant in this case acted under color of state law.

[4] If Mr. Mack were bringing this action under the FTCA, his complaint would be deficient in several respects.  First, the only proper defendant in an FTCA suit is the United States.  *Smith v. U.S.*, 561 F.3d 1090, 1099 (10th Cir.

claim for relief under the FTCA.

### 2.  **Defendants CCA and CCA Employees**

It is also settled law that an inmate does not have a cause of action in federal court under either *Bivens* or § 1983 against the CCA, which is a private corporate entity.  In *Correctional Services Corporation v. Malesko*, 534 U.S. 61 (2001), a federal prisoner sued Correctional Services Corporation ("CSC"), a private corporation under contract with the Bureau of Prisons to house federal prisoners and detainees.  *See id.* at 63–64.  While Malesko was in CSC custody, CSC employees forced him to climb stairs to his fifth floor living quarters even though he had a known heart condition.  *See id.* at 64.  Malesko had a heart attack, fell, and sustained injuries.  *See id.* Malesko brought a Bivens action against CSC for actual and punitive damages.  *See id.*  The Supreme Court refused to extend *Bivens* to claims against private entities.  *See id.* at 66.  They reasoned that imposing liability in a federal cause of action on private prison

---

2009)(citing *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 fn. 4 (10th Cir. 2001)). Second, under the FTCA a prospective plaintiff must pursue an administrative claim with the appropriate federal agency before he may file a tort claim against the United States.  28 U.S.C. § 2675(a) specifically provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury . . . caused by the negligent or wrongful act or omission of an employee of the government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been fully denied by the agency in writing and sent by certified or registered mail. . . .

Plaintiff does not allege that he timely presented an administrative claim to the USMS that has been denied.  Nor does he provide dates showing that he filed this lawsuit within the time limit after his administrative claim was denied that is set forth in the FTCA.  In addition, the damages sued for may not exceed the amount requested by the plaintiff in his administrative tort claim.  Because the FTCA constitutes a waiver of Government immunity, the conditions established by the FTCA are strictly construed.  *See Pipkin v. United States Postal Serv.*, 951 F.2d 272, 275 (10th Cir. 1991); *Franklin Savings Corp. v. U.S.*, 385 F.3d 1279, 1287 (10th Cir. 2004), *cert. denied*, 546 U.S. 814 (2005).  The FTCA requirements are jurisdictional and cannot be waived.  *See Estate of Trentadue ex rel. Aguilar v. U.S.*, 397 F.3d 840, 852 (10th Cir. 2005).

facilities is a matter for Congress, not the courts, to determine.[5] *See id.* at 72.

Likewise, plaintiff does not state a cause of action in federal court against the individual CCA employees, who are employees at a prison facility operated by a private company.[6] <u>Minneci v. Pollard</u>, 132 S.Ct. 617, 626 (2012)("[W]here, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law."); <u>see</u> <u>also</u> *Peoples v. CCA Detention Centers*, 422 F.3d 1090, 1108 (10th Cir. 2005)(The Tenth Circuit previously held that "under *Malesko*, federal prisoners have no implied right of action for damages against an employee of a privately operated prison under contract with the United States Marshals Service when state or federal law affords the prisoner an alternative cause of action for damages for the alleged injury."); *Lindsey v. Bowlin*, 557

---

[5] Plaintiff cannot sue the CCA in federal court under the FTCA. While the FTCA allows the United States to be sued for damages arising from torts committed by government employees acting within the scope of their employment, it "does not authorize suits based on the acts of independent contractors or their employees." *See Curry v. United States*, 97 F.3d 412, 414 (10th Cir. 1996); *Jones v. United States*, 305 F.Supp.2d 1200, 1207 (D.Kan. 2004)(Physicians in private practice that "provide medical services to facilities operated by the federal government are independent contractors, and not employees of the government for FTCA purposes.")(citing *Robb v. United States*, 80 F.3d 884, 890 (4th Cir. 1996)(citing *e.g., Carrillo v. United States*, 5 F.3d 1302 (9th Cir. 1993); *Broussard v. United States*, 989 F.2d 171 (5th Cir. 1993); *Leone v. United States*, 910 F.2d 46 (2d Cir. 1990); *Bernie v. United States*, 712 F.2d 1271 (8th Cir. 1983)).

[6] It is prison officials acting under color of state or federal law that violate the Eighth Amendment when they are deliberately indifferent to the safety or the serious medical needs of prisoners in their custody. *Estelle* v. Gamble, 429 U.S. 97, 104-06 (1976)); *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994).

8

F.Supp.2d 1225, 1231 (D.Kan. 2008). Mr. Mack alleges that one CCA employee, whose name he does not know, failed to secure him in a seat belt during transport and that another failed to provide him with adequate medical care after he was injured.[7] Thus, the only persons alleged to have personally participated in the acts that caused plaintiff's injuries are the unknown individuals employed by the CCA.

Having found that the complaint presents no claim for relief against any defendant, named or unknown, under Bivens or § 1983, the court declines to exercise its supplemental jurisdiction under 28 U.S.C. § 1367 over any pendant state claims.  *See* 28 U.S.C. § 1367(c)(3)(stating a district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction").

Plaintiff's assertion of jurisdiction under 18 U.S.C. § 3231 is also of no avail, since § 3231 provides for federal court jurisdiction over criminal "offenses against the laws of the United States." Plaintiff does not have standing to sue someone for committing a federal crime, and criminal statutes generally do not provide a private cause of action.[8]

For the foregoing reasons, the court finds that plaintiff's

---

[7] It is also well-settled that claims of malpractice or negligence are not sufficient to state a claim in federal court under the Eighth Amendment.

[8] 28 U.S.C. § 1332(a) provides that district courts shall have original jurisdiction over any civil action where the matter in controversy exceeds the sum or value of $75,000 and the dispute is between citizens of different states. "This statute and its predecessors have consistently been held to require complete diversity of citizenship." *Jones*, 305 F.Supp.2d at 1207 (citing Owen Equip., and Erection Co. v. Kroger, 437 U.S. 365, 373 (1978)). "That is, diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Id.* Plaintiff does not assert diversity jurisdiction. Nor does he allege facts showing complete diversity.

claims are subject to dismissal as against all defendants under the statutory directive that a district court shall dismiss, at any time, any portion of a prisoner complaint that fails to state a claim. 28 U.S.C. § 1915A(b)(1); 28 U.S.C. § 1915(e)(2)(B)(ii). Mr. Mack is given time to show cause why his claims should not be dismissed for failure to state a cognizable claim. If he fails to show good cause within the time allotted, this action may be dismissed without further notice.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is granted thirty (30) days in which to satisfy the filing fee prerequisites as discussed herein.

**IT IS FURTHER ORDERED** that within the same thirty-day period plaintiff must submit his complaint upon court-provided forms and cure the deficiencies discussed herein in his form complaint.[9]

The clerk is directed to send plaintiff forms for filing an IFP motion and a § 1331 form complaint.

**IT IS SO ORDERED.**

Dated this 6th day of June, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

---

[9] Plaintiff must write the case number of this case, 12-3090, on his form complaint. He must also include all his claims and allegations in the form complaint.