IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CEDRIC MACK,
                Plaintiff,

     v.                        CASE NO. 12-3090-SAC

UNITED STATES OF AMERICA
dba U.S. Marshals Service,
et al.,

                Defendants.

### O R D E R

On June 6, 2012, the court entered a Memorandum and Order in which it set forth deficiencies found upon screening plaintiff's complaint and gave plaintiff time to satisfy the filing fee and cure those deficiencies. The matter is now before the court upon plaintiff's First Amended Complaint (Doc. 3) and Application to Proceed without Prepayment of Fees (Doc. 4). Having considered these filings, the court finds as follows.

The Amended Complaint completely supersedes the original complaint, and the original complaint is no longer before the court. The court proceeds to screen the Amended Complaint pursuant to 28 U.S.C. § 1915A(a), (b) and 28 U.S.C. § 1915(e)(2)(B).

In its initial screening order the court found that plaintiff failed to state a cause of action against all the named defendants. No claim was stated against the United States or the United States

1

Marshal Service (USMS) under any provisions asserted by plaintiff because the United States and its agencies are immune to suit for money damages under 28 U.S.C § 1331 and 42 U.S.C. § 1983. Plaintiff again names these two defendants in his Amended Complaint and again asserts jurisdiction under § 1331. However, he has added the FTCA as a basis for this lawsuit. He has also attached a copy of an administrative claim to the USMS that does not include the "Date of Claim."

In its screening order, the court also found that plaintiff has no cause of action in federal court against CCA employees under § 1331/Bivens and that his remedy, if any, was under state tort law, citing *Minneci v. Pollard*, 132 S.Ct. 617, 626 (2012). In addition, the court noted that plaintiff cannot sue CCA employees in federal court under the FTCA because the FTCA does not authorize suit based upon the acts of independent contractors or their employees. Nevertheless, in his Amended Complaint plaintiff again designates unnamed CCA employees as defendants.

The court also found that the only persons alleged to have personally participated in the acts that caused plaintiff's alleged injuries are the two unknown individuals employed by the CCA. The court further noted that allegations of malpractice or negligence do not state a claim under the Eighth Amendment.

The court finds that plaintiff has failed in his First Amended Complaint to cure significant deficiencies set forth in the court's

Memorandum and Order dated June 6, 2012.

**FAILURE TO STATE CLAIM AGAINST ANY DEFENDANT UNDER § 1331**

As the court previously explained to plaintiff, he states no claim against the United States or the USMS under § 1331 due to sovereign immunity. In addition, plaintiff alleges no facts whatsoever showing the personal participation of either of these defendants in the van conditions, the driving, or the alleged medical inattention that he claims gave rise to his injuries.

Plaintiff states no claim under § 1331 against the unknown CCA employees because facts are not alleged to show that these private prison employees acted as federal agents or government employees. Plaintiff's conclusory statement that he was being "held and transported" by CCA employees "for the United States Government, U.S. Marshal Service" is insufficient to transform either the van driver or medical personnel employed by the CCA into federal employees or agents for purposes of suit under § 1331. Accordingly, the court finds that plaintiff fails to state a plausible claim against any defendant under § 1331.[1]

**FAILURE TO STATE A CLAIM UNDER THE FTCA**

---

[1] Plaintiff's conclusory statement that his claim "stems from the 8th amendment violation of constitutional right to be free of cruel and unusual punishment" does not amount to facts showing either deliberate indifference to a serious medical need or a failure to protect by a federal employee or agent so as to state a claim under § 1331.

3

Plaintiff's conclusory statement is likewise insufficient to allow consideration of either the van driver or medical personnel employed by the CCA as federal employees for purposes of suing the United States under the FTCA. Plaintiff names the only defendant that he can properly sue under the FTCA, and that is the United States. However, his claims are not based upon tortious acts committed by any U.S. Government employee within the scope of his or her federal employment. Accordingly, the court finds that plaintiff fails to state sufficient facts to support a plausible claim under the FTCA.

**NO JURISDICTION OVER STATE CLAIMS**

Plaintiff's claims, if any, appear to be against individual CCA employees for negligence, malpractice, or some other state tort for which remedies are available in state, not federal, court. Since plaintiff states no viable claim in federal court, pendent jurisdiction over his state claims is not available.

For all the foregoing reasons, the court finds that plaintiff fails to state a federal constitutional claim and fails to state a claim against the defendants under the FTCA. The court concludes that this action must be dismissed without prejudice.

**FILING FEE ASSESSED**

Plaintiff has filed a Motion for Leave to Proceed without Prepayment of Fees (Doc. 4), and has attached an Inmate Account

4

Statement in support as statutorily mandated. As plaintiff was warned, under 28 U.S.C. § 1915(b)(1) being granted such leave does not relieve him of the obligation to pay the full fee of $350.00 for filing this civil action. Instead, it merely entitles him to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by § 1915(b)(2). Plaintiff's motion is granted as it appears that he does not have the funds to pay the filing fee in full up front. However, he is assessed the full filing fee to be paid in installments.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is dismissed and all relief is denied, without prejudice, for failure to state facts to support a claim.

**IT IS FURTHER ORDERED** that plaintiff's Application to Proceed without Prepayment of Fees (Doc. 4) is granted and he is assessed the filing fee of $350.00. The Finance Office of the Facility where plaintiff is currently confined is directed to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until plaintiff's outstanding filing fee obligation has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

The clerk is directed to send copies of this order to plaintiff, to the court finance office, and to the financial officer at the institution in which plaintiff is currently confined.

**IT IS SO ORDERED.**

Dated this 22nd day of August, 2012, at Topeka, Kansas.

s/Sam A. Crow<br>
U. S. Senior District Judge