```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**CEDRIC MACK,**

                 **Plaintiff,**

        v.                    CASE NO. 12-3090-SAC

**UNITED STATES OF AMERICA, dba**
**U.S. Marshals Service, et al.,**

                 **Defendants.**

## O R D E R

On August 22, 2012, the court entered an Order dismissing this action without prejudice for failure to state facts to support a claim. The matter is now before the court upon plaintiff's Motion for Reconsideration (Doc. 7). Having considered this motion, the court finds that no valid grounds for relief from the judgment of dismissal are presented. Accordingly, the motion is denied.

Pursuant to D. Kan. Rule 7.3, motions seeking reconsideration of dispositive orders or judgments must be filed pursuant to Fed.R.Civ.P. 59(e) or 60. The Tenth Circuit Court of Appeals has discussed "self-styled" motions to reconsider as follows:

> A motion for reconsideration, not recognized by the Federal Rules of Civil Procedure, *Clough v. Rush*, 959 F.2d 182, 186 n. 4 (10th Cir. 1992), may be construed in one of two ways: if filed within (28) days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule

1

59(e);[1] if filed more than (28) days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b).

*Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n. 3 (10th Cir. 2002).[2] Petitioner's Motion for Reconsideration was filed within 28 days of entry of judgment in this matter. Accordingly, it is treated as a motion to alter or amend judgment under Rule 59(e).

"A motion to alter or amend a judgment pursuant to Fed.R.Civ.P. 59(e) may be granted only if the moving party can establish (1) an intervening change in controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice." *Wilkins v. Packerware Corp.*, 238 F.R.D. 256, 263 (D. Kan. 2006), *aff'd*, 260 Fed.Appx. 98 (10th Cir. 2008)(citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). Rule 59(e) does not permit a losing party to rehash or restate arguments previously addressed or to present new legal theories or supporting facts that could have been raised earlier. *Id.* (citing *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997));

---

[1] In December, 2009, Rule 59(e) was amended to change 10 days to 28 days.

[2] The Tenth Circuit further explained that "the distinction is significant because a Rule 59(e) motion tolls the thirty-day period for appeal while a Rule 60(b) motion does not." *Id.* at *2.

*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). It follows that a 59(e) motion is appropriate where the court has misapprehended the facts or the controlling law, but "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012. A 59(e) motion is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F.Supp. 1482, 1483 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). In short, the court should only grant a Rule 59(e) motion to correct manifest errors of law or for presentation of newly discovered evidence. *See Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n. 5 (10th Cir. 2000).

The court has considered Mr. Mack's post-judgment motion, and finds that he does not allege any intervening change in the controlling law. He cites an opinion of the United States District Court for the Southern District of California that resulted in a settlement involving the CCA and the Immigration and Customs Enforcement Agency (ICE), which is neither intervening nor controlling. Nor does Mr. Mack show the availability of new evidence that could not have been previously obtained with due diligence. Mr. Mack apparently believes there is a need to correct clear error, but no errors of fact are even

alleged in his motion. Mr. Mack mainly believes there has been a clear error of law. However, he does not present authority or sufficient additional facts to show a manifest error of law or manifest injustice. Instead, he merely rehashes arguments he already made and disagrees with the court's rulings.

The reasons for this court's dismissal upon screening and the legal standards applied were fully explained in its screening order and order of dismissal. In these orders, the court found that plaintiff failed to state a cause of action against all the named defendants. He disagrees with the court's finding that he stated no claim against the USMS; however, he points to no facts showing that an employee of the USMS participated in the acts or inaction alleged to have caused him physical harm. The mere fact that the USMS "placed him in the CCA" does not establish liability of the USMS for negligent or wrongful acts of a CCA employee. His allegation of deliberate indifference on the part of the USMS is completely conclusory. Plaintiff misconstrues the court's order as not allowing suit against the federal agency, its agents and the CCA. Had plaintiff alleged facts showing the personal participation of an employee of the USMS in the incident in question, he would be allowed to sue the United States under the FTCA, but he did not. With respect to the CCA employees, the court cited the recent U.S. Supreme Court opinion, *Minecí v. Pollard,* 132 S.Ct. 617,

4

626 (2012), which indicated that the remedy against an individual employee of the CCA lies in state court.  Plaintiff has failed to meet his burden of showing that the court should alter or amend its judgment.

The court additionally finds that plaintiff has not established any of the grounds for relief under Rule 60(b).  In any event, relief under Rule 60(b) is likewise not warranted where, as here, all the allegations raised in this motion either were or could have been raised in pleadings prior to dismissal. *Id.*  For all the reasons set forth above and in the court's prior orders in this case, the court concludes that plaintiff's motion has no merit.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion for Reconsideration (Doc. 7) is treated as a motion under Fed.R.Civ.P. 59(e) and denied.

**IT IS SO ORDERED.**

Dated this 8th day of November, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge